FILED
Williamson Co. Circuit Court
1st Judicial Circuit
Date: 7/7/2022 3:38 PM
Justin Maze

IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

ALLAN BRUSH,

    Plaintiff,

vs.

J.E.M. AUTOMOTIVE, INC., a
Delaware Corporation, a/k/a
MARION TOYOTA SCION and
MARION COLLISION CENTER,

    Defendant.

Case No: 2022LA84

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY DEMAND

### COUNT I
### (Violation of Family Medical Leave Act)

NOW COMES the Plaintiff, ALLAN BRUSH, hereinafter, "Plaintiff," by and through his attorney, SCHAFER LAW, LLC, and for his Complaint for violation of the Family Medical Leave Act (FMLA) against Defendant, J.E.M. AUTOMOTIVE, INC., a Delaware corporation, hereinafter, "JEM," states as follows:

1. Plaintiff is an individual and at all times mentioned herein resided in the City of Creal Springs, County of Williamson, State of Illinois.

2. At all times relevant herein, JEM was and is a Delaware corporation doing business in Marion, Williamson County, Illinois.

3. At all times relevant herein, JEM was also known as Marion Toyota Scion and Marion Collision Center.

4. At all times relevant herein, Plaintiff was an employee of Defendant.

**EXHIBIT A**

5. At all relevant times herein, Defendant qualified as "covered employee" under the Family Medical Leave Act, in that they engaged in commerce as a lease-ownership industry, and in aggregate employed more than 50 employees for at least 20 workweeks in the years mentioned herein.

6. Plaintiff is an "eligible employee" in that as aforementioned, he worked for Defendant. He became employed by Defendant as an autobody technician for Marion Collision Center and worked for Defendant for over twenty (20) years, working at least eight (8) hours a day, forty (40) hours a week.

7. In November of 2020, Plaintiff sustained an injury and had to undergo surgery for a broken collar bone.

8. Plaintiff contacted human resources about applying for leave under the FMLA so that he might rest and recover while he received treatment.

9. On November 11, 2020, Plaintiff contacted Hilary Wing, in home office, about the status of his FMLA paperwork.

10. On November 18, 2020, Plaintiff again contacted Hilary Wing about the FMLA paperwork. Home office insisted they had not received the FMLA paperwork.

11. When Plaintiff did not receive a response from home office, he obtained the FMLA paperwork himself and gave it to his physician for completion.

12. Defendant then sent over the FMLA paperwork roughly two weeks after the initial request. Plaintiff gave this FMLA paperwork to his physician for completion.

13. FMLA was approved for Plaintiff and was supposed to run through approximately January 30, 2021.

14. On January 28, 2021, Plaintiff contacted Defendant and advised that he was released to return to work.

15. On January 28, 2021, Plaintiff was informed that a new person was hired to do his job while he was recovering, that there was not enough work, that Plaintiff was not needed any longer, and that he should apply for unemployment.

16. A notice was sent to Plaintiff that his insurance would cancel on February 1, 2021.

17. On or around February 11, 2021, Defendant advertised for a body shop technician, Plaintiff's position, on its website, and Indeed.

18. Plaintiff applied for the job opening and received no response.

19. Plaintiff's termination prior to the end of his approved leave was unlawful pursuant to the Family and Medical Leave Act, 29 U.S.C.A §2615.

20. Defendant's actions in terminating Plaintiff and failing to rehire Plaintiff were discriminatory and in retaliation of him availing himself of his protected medical leave rights under the FMLA.

21. Defendant's actions in terminating Plaintiff were willful and wanton and with reckless disregard for Plaintiff's rights.

22. As a result of his discharge, Plaintiff lost wages and other benefits associated with his employment.

23. After his discharge, Plaintiff immediately began a job search, but was not able to find employment until October of 2021.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A. Statutory damages for back pay in the form of lost wages, benefits and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. §2617 (a)(1)(A).

B. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. §2617 (a)(1)(A).

C. Equitable relief in the form of front pay or reinstatement, if the Court deems appropriate, pursuant to 29 U.S.C.A. §2617 (a)(1)(B).

D. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. §2617 (a)(3), and such other relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE.**

SCHAFER LAW, LLC

BY: _/s/ Jay Schafer_
Jay Schafer
Attorney for Plaintiff
ARDC No. 6226013

**COUNT II**
**(In the Alternative)**
**Common Law Retaliatory Discharge/Illinois Workers Compensation Act**

NOW COMES the Plaintiff, ALLAN BRUSH, hereinafter, "Plaintiff," by and though his attorney, SCHAFER LAW, LLC, and in the alternative for Count II of his Complaint for retaliatory discharge against Defendant, JEM AUTOMOTIVE, INC, hereinafter "JEM," states as follows:

1. Plaintiff is an individual and at all times mentioned herein resided in the City of Creal Springs, County of Williamson, State of Illinois.

2. At all times relevant herein, JEM was and is a Delaware corporation doing business in Marion, Williamson County, Illinois.

3. At all times relevant herein, JEM was also known as Marion Toyota Scion and Marion Collision Center.

4. At all times relevant herein, Plaintiff was an employee of Defendant.

4

5. On March 22, 2019, during the course and scope of his employment with Defendant, Plaintiff suffered bilateral wrist injuries.

6. On September 21, 2020, during the course and scope of his employment with Defendant, Plaintiff suffered an injury to his abdomen and groin.

7. Plaintiff filed Applications for Adjustment of Claim with the Illinois Workers Compensation Commission, took time off, sought medical care, and otherwise exercised his rights under the Illinois Workers Compensation Act for each injury in case numbers 19-WC-010517 and 20-WC-025284.

8. After being released to return to work, Plaintiff was discharged from his employment on or around January 28, 2021 while on approved leave.

9. On or around January 28, 2021, Plaintiff was informed that a new person was hired to do his job while he was recovering, that there was not enough work, that Plaintiff was not needed any longer, and that he should apply for unemployment.

10. A notice was sent to Plaintiff that his insurance would cancel on February 1, 2021.

11. On or around February 11, 2021, Defendant advertised for a body shop technician, Plaintiff's position, on its website, and Indeed.

12. Plaintiff applied for the job opening and received no response.

13. Plaintiff's dismissal by Defendant was in retaliation for the exercise of his rights under the Illinois Worker's Compensation Act 820 ILCS 305/1 et seq and said discharge is contrary to the public policy of the State of Illinois.

14. Plaintiff has been damaged by the retaliatory dismissal by Defendant, Manpower, in that he has lost wages, incurred expenses and costs in seeking alternative

employment, lost pension rights and fringe benefits associated with his employment and suffered embarrassment and emotional distress.

15. Defendant's action in retaliating against Plaintiff was willful, intentional and malicious, and Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff, Allan Brush, prays that this Court enter judgment against Defendant, JEM Automotive, Inc., for a reasonable sum in excess of $50,000.00 for compensatory damages, punitive damages, and costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE.**

SCHAFER LAW, LLC

BY: _____
Jay Schafer
Attorney for Plaintiff
ARDC No. 6226018

**COUNT III**
**(In the Alternative)**
**Common Law Retaliatory Failure to Rehire/Illinois Workers Compensation Act**

NOW COMES the Plaintiff, ALLAN BRUSH, hereinafter, "Plaintiff," by and though his attorney, SCHAFER LAW, LLC, and in the alternative for Count III of his Complaint for retaliatory failure to rehire against Defendant, JEM AUTOMOTIVE, INC, hereinafter "JEM," states as follows:

1. -12. Plaintiff repeats and realleges Paragraph 1 through Paragraph 12 of Count II as though said paragraphs are set out fully herein.

13. The refusal by Defendant to rehire Plaintiff was in retaliation for the exercise of his rights under the Illinois Worker's Compensation Act 820 ILCS 305/1 et seq and said discharge is contrary to the public policy of the State of Illinois.

14. Plaintiff has been damaged by Defendant's refusal to rehire him in that he has lost wages, incurred expenses and costs in seeking alternative employment, lost pension rights and fringe benefits associated with his employment suffered embarrassment and emotional distress.

15. Defendant's action in refusing to rehire Plaintiff was willful, intentional and malicious, and Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff, Allan Brush, prays that this Court enter judgment against Defendant, JEM Automotive, Inc., for a reasonable sum in excess of $50,000.00 for compensatory damages, punitive damages, and costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE.**

SCHAFER LAW, LLC

BY: _____
Jay Schafer
Attorney for Plaintiff
ARDC No. 6226013

SCHAFER LAW LLC
108 North VanBuren St.
PO Box 928
Marion, IL 62959
Phone: 618-997-4877
Fax: 618-997-4888
Email: jschafer@mschaferlaw.com

FILED
Williamson Co. Circuit Court
1st Judicial Circuit
Date: 7/7/2022 3:38 PM
Justin Maze

IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

| | |
|---|---|
| ALLAN BRUSH,<br><br>   Plaintiff,<br><br>vs.<br><br>J.E.M. AUTOMOTIVE, INC., a<br>Delaware Corporation, a/k/a<br>MARION TOYOTA SCION and<br>MARION COLLISION CENTER,<br><br>   Defendant. | Case No: **2022LA84** _____<br><br>**JURY TRIAL DEMANDED** |

## SUPREME COURT RULE 222(b) AFFIDAVIT

STATE OF ILLINOIS    )
            ) SS.
COUNTY OF WILLIAMSON )

  I, JAY SCHAFER, being an adult person, upon my oath depose and say as follows:

1. I am an attorney duly licensed to practice law in the State of Illinois.

2. The Plaintiff herein has retained the firm of SCHAFER LAW LLC to represent them in this claim.

3. After reviewing the information available to me on this date, it is my belief that all of the damages involved in this case will exceed $50,000.00.

4. I am not able to make a more positive effort or estimate of said damages at this time as further information obtained through discovery may require reassessment of these damages.

Further Affiant Sayeth Not.

                       _____
                        JAY SCHAFER

SUBSCRIBED and sworn to before me this 6th day of July, 2022.

_____
Notary Public

AMANDA D GAJEWSKI
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
April 20, 2025